IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | | |
|---|---|---|
| TINA M. CHANDLER and | ) | |
| FRANK E. CHANDLER | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. <u>4:21-CV-95-JHM</u> |
| | ) | |
| TYSON FOODS, INC., and | ) | |
| RONALD W. SHELTON | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

Now comes Plaintiffs, Tina M. Chandler ("Plaintiff" hereinafter) and Frank E. Chandler ("Mr. Chandler"), by counsel, and for their Complaint against Defendants Tyson Foods, Inc. ("Tyson") and Ronald W. Shelton ("Shelton") state and allege the following:

## PARTIES AND JURISDICTION

1.     Plaintiffs are, and at all materials times were, citizens and domiciliaries of Henderson County, Kentucky, normally residing at 5829 Highway 1078 North, Henderson, Kentucky 42420.

2.     Upon information and belief, Defendant Tyson is a corporation formed under the laws of the State of Delaware. Its principal place of business is in Springdale, Arkansas. According to the Arkansas Secretary of State's web site, Tyson's Registered Agent for service of process is CT Corporation System, 124 West

Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

3.     Upon information and belief, Defendant Shelton is, and at all material times was, a citizen and domiciliary of Harrison County, Indiana, normally residing at 8175 NE Berkshire Pointe Drive, New Salisbury, Indiana 47161.

4.     Jurisdiction is proper in the Court as there exists complete diversity of citizenship among the parties to this lawsuit and the amount in controversy exceeds $75,000.00.

5.     Venue is proper in the Owensboro Division of this Court, as the events or omissions giving rise to the Plaintiffs' claims occurred in Henderson County, Kentucky and the Plaintiffs live in Henderson, Kentucky.

## II. BACKGROUND FACTS

6.     Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-5 above as if fully rewritten herein.

7.     On or about September 16, 2020, Plaintiff was operating a 2011 Chevrolet Traverse traveling northbound in the left turn lane of U.S. 41 North on the strip with the intention of turning left into McDonalds in Henderson, Kentucky.

8.     At the same time, Shelton was operating a 2021 Kenworth T600 semi-truck with the intention to travel south on U.S. 41 North from a parking lot directly across from McDonalds.

9.     Shelton then negligently caused his semi-truck to turn left directly into the Plaintiff's lane of travel.

10.     Shelton's truck then smashed into the front of Plaintiff's vehicle.

Plaintiff could do nothing to avoid the collision.

## COUNT I

11.    Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-10 above as if fully rewritten herein.

12.    Shelton owed the duty to Plaintiff and all others on the roadway to operate his semi-truck in the same manner that a reasonably prudent person would under the same or similar circumstances.

13.    Shelton breached said duty by negligently operating his semi-truck in such a manner as to cause a collision with Plaintiff's vehicle.

14.    Shelton's negligence included but was not limited to: (1) failure to keep a proper lookout ahead of him; (2) failure to yield the right of way to Plaintiff; and (3) relying on a "wave-through" hand gesture from another driver that Plaintiff's lane was clear.

15.    As a direct and proximate result of Shelton's negligent operation of his motor vehicle, Plaintiff has:

(a)    Suffered temporary and permanent bodily injury;

(b)    Suffered physical and mental pain and suffering;

(c)    Suffered impairment of the power to earn money;

(d)    Will continue to suffer physical and mental pain;

(e)    Incurred hospital and other medical expenses; and

(f)    Will incur hospital and other medical expenses in the future,

all in an amount in excess of the minimum dollar amount necessary to establish the

jurisdiction of this Court.

COUNT II

16.    Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-15 above as if fully rewritten herein.

17.    At all times material hereto, KRS 189.290(1) stated, "The operator of any vehicle upon a highway shall operate the vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highway."

18.    At all times material hereto, KRS 189.330(10) stated, "The operator of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right-of-way to all vehicles approaching on the roadway to be entered or crossed."

19.    KRS 189.290(1) and KRS 189.330(10) are statutes enacted for the safety and benefit of motorists lawfully using Kentucky's highways.

20.    Plaintiff was a person within the scope of the protected class of persons contemplated by KRS 189.290(1) and KRS 189.330(10).

21.    Defendant Shelton violated KRS 189.290(1) by failing to operate the vehicle in a careful manner with regard for the safety and convenience of other vehicles upon the highway, including Plaintiff's vehicle.

22.    Defendant Shelton violated KRS 189.330(10) by failing to yield the right-of-way to all vehicles approaching on the right of way, including Plaintiff.

23.    As a direct and proximate result of Shelton's violation of the statutes set forth above, Plaintiff has:

(a)     Suffered temporary and permanent bodily injury;

(b)     Suffered physical and mental pain and suffering;

(c)     Suffered impairment of the power to earn money;

(d)     Will continue to suffer physical and mental pain;

(e)     Incurred hospital and other medical expenses; and

(f)     Will incur hospital and other medical expenses in the future,

all in an amount in excess of the $75,000 minimum amount necessary to establish the jurisdiction of this Court.

## COUNT III

24.    Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-23 above as if fully rewritten herein.

25.    At the time of the collision set forth above, and at all times material hereto, Shelton was an employee and/or agent of Tyson.

26.    As a direct and proximate result of Shelton's negligence, Tyson Foods is vicariously liable for the acts of Shelton, its agent and/or employee, and all damages resulting therefrom.

## COUNT V

27.    Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-26 above as if fully rewritten herein.

28.    As a direct and proximate result of the injuries to Tina M. Chandler, Mr. Chandler has suffered damages, including but not limited to mental anguish and the loss of the services, comfort, care, consortium, and companionship of his spouse,

along with losses and other expenses caused by the acts of Defendants.

**WHEREFORE**, Plaintiffs demand the following relief:

a.   Judgment against Defendants in excess of the minimum dollar amount necessary to establish jurisdiction of this Court;

b.   Plaintiffs' costs herein expended, including a reasonable attorney's fee and pre-judgment and post-judgment interest;

c.   A trial by jury of all issues; and

d.   Any and all other such other relief, at law or in equity, to which Plaintiffs may reasonably appear to be entitled.

Respectfully submitted,

HAMILTON INJURY LAW GROUP PLLC
110 North Main Street
Henderson, Kentucky 42420
Phone: (270) 844-8205
Fax: (270) 844-8202
curt@curthamiltonlaw.com

By:   */s/ Curtis J. Hamilton III*
Curtis J. Hamilton III
Attorney for Plaintiffs